```
              IN THE UNITED STATES BANKRUPTCY COURT

              FOR THE SOUTHERN DISTRICT OF TEXAS

                        HOUSTON DIVISION
                                    )
IN RE                               )
                                    )
IRENE S. TURNER,                    )   CASE NO. 05-82846-G3-7
                                    )
        Debtor,                     )
                                    )
```

MEMORANDUM OPINION

The court has held a hearing on the "Motion to Excuse Irene S. Turner from Attendance at First Meeting of Creditors and Substitute Personal Representative" (Docket No. 19) filed by Debtor's counsel, Jeffrey Norman.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Irene S. Turner ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 11, 2005.

With the petition, Debtor filed schedules B and F.  On November 4, 2005, Debtor filed schedules, a statement of financial affairs, and a statement of intention.  (Docket No. 6).

In Debtor's schedule C filed November 4, 2005, Debtor claimed exemptions under Sections 522(d)(3), 522(d)(4)( and

522(d)(5) of the Bankruptcy Code.

Debtor died November 9, 2005.

On May 4, 2006, the Chapter 7 Trustee convened a meeting of creditors. No creditors appeared. Debtor's son, Lawrence Turner, appeared.

On May 17, 2006, an amended petition was filed for Debtor. The amended petition purports to have been signed by Debtor on May 17, 2006. (Docket No. 14)

On June 1, 2006, an amended schedule C was filed for Debtor. (Docket No. 17).

In the instant motion, Debtor's counsel, Jeffrey Norman, seeks a waiver of Debtor's appearance at the meeting of creditors, and seeks a substitution permitting Lawrence Turner to appear in place of Debtor.

Lawrence Turner stated at the hearing on the instant motion that he had a power of attorney for Debtor. He testified that no probate estate has been opened for Debtor.

### Conclusions of Law

The opinion in In re Lucio, 251 B.R. 705 (Bankr. W.D. Tex. 2000) is directly on point with respect to the instant case. In Lucio, a debtor's daughter, operating under a power of attorney, sought to appear in the debtor's place at the meeting of creditors. The court held that, under Texas law, a power of attorney is terminated by the death of the Debtor. The court

2

held that the person authorized to appear representing the debtor is a personal representative appointed by a probate court of appropriate jurisdiction.

    This court follows <u>Lucio</u>, and determines that Lawrence Turner may not appear in place of Debtor in the instant case, in the absence of a showing that he has been appointed as the personal representative of Debtor's probate estate.

    Based on the foregoing, a separate Judgment will be entered denying the "Motion to Excuse Irene S. Turner from Attendance at First Meeting of Creditors and Substitute Personal Representative" (Docket No. 19).  Additionally, because they could not possibly have been authorized, the court will strike the amended petition at Docket No. 14 and the amended schedule C at Docket No. 17, without prejudice to their refiling by an authorized personal representative.

    Signed at Houston, Texas on August 14, 2006.

                                  LETITIA Z. CLARK
                                  UNITED STATES BANKRUPTCY JUDGE